Kathleen Moran on behalf of the Federal Defenders of Eastern Washington and Idaho for Mr. Romay-Cruz. First of all, addressing the third degree assault conviction of Washington State, the first argument we raised is that that conviction or that statute is overbroad. I think it's pretty clear that it's categorical. Help me a little on this. I'm interested in the possibility of waiver. Now, I know you couldn't raise Shepard until your reply brief because it hadn't come down. That's no problem for me. We don't confer before arguments, so I don't know what my colleagues think. My concern is, did you tell the district judge that you disputed whether the affidavit that was filed in state court at the time of the plea was something that could be considered? And did you or, I mean, Romay-Cruz dispute in state court whether he was pleading to the facts alleged in the affidavit or just the bare crime? Do you understand what I mean? Did I make my question clear? Yeah, I think so. As far as the first question goes, that was the basis of an objection in the district court. Okay. Tell me where to look in the excerpt. That actually occurred in an objections to the pre-sentence report. There was some discussion about it also in the sentencing hearing. The court had recently published, well, unpublished decision, United States v. Sandoval, which was then published. That was the primary focus of the discussion in the sentencing hearing. Because, in fact, that had been Judge Whaley's case, the Sandoval case. So basically what had happened was the pre-sentence report writer had mentioned Sandoval. Is that the one where I was in dissent and the argument was about whether Sandoval applied or whether it was distinguishable? I believe so. So that was the basic focus of the sentencing hearing was that issue. As far as the second question goes, we do not have a transcript of the original third-degree assault hearing. But I do think that what's clear is the actual statement from Mr. Romay Cruz is, I guess, on page 18 of the government's brief. They basically did their excerpt to record at the end of their brief. So they have, like, a little hand-marked 18 at the back of their brief there. And Mr. Romay Cruz made a statement, I was drunk, I don't remember what happened. And then, of course, there's this box that's checked that says instead of making a statement, I agree, the court may review the police reports. And a statement of probable cause applies by the prosecutor to establish a factual basis for the plea. I think what the problem is clearly, and Shepard makes the problem even more clear, is that in order for the district court to – well, Mr. Romay Cruz never adopted the statements that are in the brief. Well, why doesn't that checked box at the bottom of page 18 of the – this is an odd way to do excerpts, but I gather the district court saw this, right? Correct. Why doesn't that checked box at the bottom of it kill your position on Waiver or on Shepard? The reason I think it doesn't kill the position under Shepard and – or Taylor is the fact that that box says simply that the court may review the statement of probable cause to determine if there is, in fact, a factual basis. If the box said something to the nature of defendant agrees and stipulates that these facts are true or agrees that these facts are accurate for purposes of the plea or something along those lines that would suggest that the defendant, at the time they're entering this plea, agrees that the statement itself is accurate. But that's not what it says. And that's clearly what Shepard is concerned with, is having – having the defendant, at the time they enter a plea, actually express in the colloquy that, in fact, they're adopting those facts. A statement like this on the box merely suggests that in the case of an Alford plea or something along those lines, that there is – the defendant is agreeing there is a factual basis for the plea. So you're – you're saying it's okay for the judge to review it means he can decide, well, the government would put on evidence to this effect that a jury could accept rather than I admit that this is what happened. Correct. Yes. I think that what that – what the purpose of that box is is merely for the judge to review those facts. The judge certainly isn't making an independent finding at the time of the plea that all of those facts are, in fact, accurate or are, in fact, adopted by the defendant. I think what's – what's happening instead is I was drunk and I don't remember is a statement that doesn't indicate a factual basis for a plea. So reading the affidavit of probable cause at least gives some sort of clue or factual foundation for the plea. Does it matter, assuming there's an amyline reband? I'm sorry, what was that? Does it matter, assuming there's an amyline remand? Well, I think it matters for our position because I don't think that this would have met a crime of violence under these circumstances. Thank you. Indeed, they're – given that there's an amyline remand or that we're – that's our position. Thank you. Good afternoon. I'm Earl Hicks on behalf of the government. Ms. Byerly could not be here today. I've looked at the issues here and gone over this carefully in the – help me on this waiver issue. It's the one that's most interesting to me.  I can't see what incentive the defendant would have had when he pleaded guilty to argue about the facts. All it takes for a factual basis is this is the proof the government would put on. And interpreting his written statement that you put in the record as admitting that this is what happened seems inconsistent with what he handwrote on the statement, which is I'm too drunk to remember anything. If you're too drunk to remember anything, you can't very well admit or deny what happened. And what happens, though, is that there are other alternatives in state court, and that would be an Alford plea. Now, this is – No, an Alford plea and no contest plea is different. You're saying I do not admit it, but I choose not to contest. Here, he's in a position, well, I suppose all of us who've done defense have had clients like this, where he says they can prove it, I'm not admitting it, but I don't dispute they can prove it, and I'm not denying it. What the circumstances are is that we have to presume that he went over this with his attorney at some point in time. Yeah, and he decided to concede that he was guilty. Right. And that he had – That doesn't mean he admitted that he did that. You know, again, when I look at this, I do see that as a particular problem, the fact that a person says that I'm intoxicated. But on the other hand, he's then allowing for the use of these materials and not contesting anything within them at all. How could he contest it if he's too drunk to remember anything? You can't – you can say, look, you know, theoretically, there should be some type of investigation. There should be some type of coming forward by – Sure, there are two people involved. The cop says one thing, the defendant sometimes says another, but in this case, he doesn't, because he says I'm too drunk to remember what happened. I understand. It's a difficult issue. But he could be convicted of the crime without what the policeman said being accepted as true by the jury. He can't be – he could be convicted based upon what the law enforcement officer said and just strictly on their testimony. But the policeman wouldn't have to believe that the defendant took a swing at him. Or I'm sorry, I misspoke. The jury could convict him, couldn't they, without believing that the defendant took a swing at the policeman? In state court, potentially, yes. In state court is where it was, right? Right. So state court is – so that's all that matters. Correct. They could have – when you look at the statement that was put in that Judge Whaley had to look at, it dealt with, as you go through it, the point at which there was a decision to charge or the decision because the police talk about in that state. Let me tell you why I'm growing you on this, because I want you to understand my concerns so you can address it. When a defense attorney pleads people out in state court, if he's got a good deal, if the defendant has a good deal, there's just no reason to be arguing about all kinds of details. Typically, the clients want the lawyer to argue about all sorts of details where they say the policeman's lying about this or he's lying about that, and it is immaterial and it's a good deal. There's no sense in risking the good deal. Then what they do is they plead. They're not admitting all the facts. The policeman says this and that. They're accepting responsibility and pleading without expressly admitting all the things the policeman says. But then years later, they get into federal court and, under your theory, you put in the highly artificial position of being asked, well, why didn't you argue about it and mess up the possibility of your good deal if every detail the policeman said wasn't true? I think that what makes this a closed case is I think it can be considered by the court. And I think what you're pointing out is the issue that I was concerned with coming in as an outsider on this, from the standpoint of looking at it, is the fact that he did say, you know, I was too drunk. I don't know what was going on. I have to concede that that's a very significant concern when you look at that. And I also overtake the position that when you're talking with your attorney, and even when defendants, because over the years you see situations where defendants plead guilty, make statements, and then come back and say, although I didn't, although I made that statement, now it's not true. And we're still trying to avoid the fact of a full court hearing. That's different. That's altogether different where they say, yeah, I admitted that in state court. I said that in state court, but I was lying in order to keep my deal. That won't fly. But here he didn't say anything in state court that he's trying to disavow. He didn't say anything that he tried to disavow either at the time of the sentencing hearing either. He just said he was too drunk to remember, so he was going to plead guilty. In the Federal court hearing either. He didn't disavow anything at that point in time. Where's the waiver in the Federal proceeding? I don't think. He was arguing about whether the enhancement could be applied, and he raised the issue and just didn't mention Shepard because it had not come down yet. What I'm talking about is that there was knowledge that Judge Whaley was going to consider that, and there wasn't a statement, well, I didn't know. These facts didn't take place. There was nothing like that at that particular point in time either when Judge Whaley was involved in looking at it. So what happens is that there's just a. Can you tell me what page in the excerpts to look at for what you think is critical on that? Excuse me? Can you tell me what page to look at in the excerpts of record for what you think is critical on the waiver in the U.S. District Court? I think that the entire excerpt of the change of the. You understand when you say entire excerpt, what that means to me in my head is he doesn't have anything he can refer to in particular. Well, you have to look at the entire hearing sometimes when you're in a sentencing hearing. And what is raised at the sentencing hearing? And what's raised at the sentencing hearing is that this should not be. You're asking me to be the government's attorney. No. I find something good for you in it. OK. No. No. I'm always asked that courts be fair like they are, and that they have the ultimate determination. I've already conceded it's a very difficult issue. But I also think that there has to be some type of look at a situation where what the whole purpose behind these issues are, this modified categorical approach, is that we don't want these large hearings. I believe that when you look at what took place during the transcript, excuse me, in the change of plea where the defense. I did look at it, and it looks like the defense lawyer is arguing about Sandoval and Hernandez-Hernandez. And so it looks like the point was preserved. OK. So I'm asking you, if I'm missing something, just show me the page in line. I'm not claiming that you're missing anything, Your Honor. All right? Thank you, sir. Your Honor, for the clarification of the court, the discussion regarding Hernandez-Hernandez and Sandoval, United States v. Sandoval, and I was the lawyer at the sentencing hearing, is on page 28 of the excerpt of the record, if that helps. I think the government is trying to say that Sandoval and Hernandez, I would say exactly what Shepard says that the court cannot do, which is the government is saying that in the federal hearing we didn't have a big hearing about the facts of this previous conviction. Well, of course, it's years later. Who knows what the witnesses would have to say now if we went back and tried to redo the third-degree assault hearing. And that's exactly why Shepard says we don't want to have these mini-trials. We want to get focused on whether or not it counts based on the documents that are presented without going far afield. So our position is relying on the affidavit of probable cause in this case was far afield, but the statement that's contained in that box is not a stipulation as to the accuracy of the facts and that, therefore, this should not be considered a crime of violence. Thank you. Thank you, counsel. United States v. Romeo Cruz is submitted.
judges: Browning, Alarcon, Kleinfeld